TRINETTE G. KENT (State Bar No. 222020)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Michigan Consumer Credit Lawyers
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Michael Selix*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael Selix, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Experian Information Solutions, Inc., an Ohio corporation, and One United Bank, a Massachusetts corporation, | **JURY TRIAL DEMAND** |
| Defendants. | |

1

NOW COMES THE PLAINTIFF, MICHAEL SELIX, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Santa Ana, Orange County, California.

4. Venue is proper in the Central District of California, Southern Division.

## PARTIES

5. The Defendants to this lawsuit are:

   a. Experian Information Solutions, Inc. ("Experian"), which is an Ohio company that maintains a registered agent in Los Angeles County, California; and

   b. One United Bank, which is a Massachusetts corporation that maintains a registered agent in Los Angeles County, California.

**GENERAL ALLEGATIONS**

6. In September 2015, Plaintiff opened an account with One United Bank for a prepaid card, which is the subject of this trade line, and initially deposited $250.00 into the account.

7. In March 2016, Mr. Selix closed the account and received a statement from One United Bank, showing that he had charges of $135.55. Mr. Selix was told by a representative from One United Bank that because he closed the account, the balance of $153.55 would be reconciled, and it would return the original balance of $250.00 to him minus the $34.70 that he incurred in charges minus the $153.55 that he also incurred in charges, leaving a total of $61.75 that One United Bank should have returned to him.

8. In March 2016, when Plaintiff received a bill from One United Bank, he called and was told by a representative that the account was closed and that it was waiting for the security refund process to be completed. After that, Mr. Selix continued to receive statements each month. And each month, Mr. Selix called One United Bank, and he was repeatedly told that it was still waiting for the completion of the security refund process.

9. On or about July 29, 2016, Mr. Selix obtained his credit files and noticed that One United Bank reported a trade line with account number 450459000005**** ("Errant Trade Line") with a balance and with late remarks.

This is false as Mr. Selix does not owe a balance and was never late in making any payments on the Errant Trade Line.

10. On or about August 5, 2016, Mr. Selix received an email from One United Bank, confirming the completion of the security deposit refund process, stating that the deposit transaction had been initiated, and indicating that it should take 3 days to deposit the funds into his account.

11. On or about September 1, 2016, Mr. Selix submitted a letter to Experian, disputing the Errant Trade Line. In the dispute letter, he explained what transpired with his account and requested that the balance and late payment remarks from the Errant Trade Line be removed.

12. Upon information and belief, Experian forwarded Mr. Selix' consumer dispute to One United Bank.

13. On or about September 21, 2016, Mr. Selix received Experian's investigation results, which showed One United Bank retained the late payment remarks on the Errant Trade Line.

## COUNT I

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY ONE UNITED BANK**

14. Plaintiff realleges the above paragraphs as if recited verbatim.

15. After being informed by Experian of Mr. Selix's consumer dispute of the late payment remarks of the Errant Trade Line, One United Bank negligently failed

to conduct a proper investigation of Mr. Selix's dispute as required by 15 USC 1681s-2(b).

16. One United Bank negligently failed to review all relevant information available to it and provided by Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Experian to remove the late payment remarks from the Errant Trade Line.

17. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Selix's consumer credit file with Experian to which it is reporting such trade line.

18. As a direct and proximate cause of One United Bank's negligent failure to perform its duties under the FCRA, Mr. Selix has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

19. One United Bank is liable to Mr. Selix by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

20. Mr. Selix has a private right of action to assert claims against One United Bank arising under 15 USC 1681s-2(b).

5

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant One United Bank for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY ONE UNITED BANK

21. Plaintiff realleges the above paragraphs as if recited verbatim.

22. After being informed by Experian that Mr. Selix disputed the accuracy of the information it was providing, One United Bank willfully failed to conduct a proper reinvestigation of Mr. Selix's dispute.

23. One United Bank willfully failed to review all relevant information available to it and provided by Experian as required by 15 USC 1681s-2(b).

24. As a direct and proximate cause of One United Bank's willful failure to perform its duties under the FCRA, Mr. Selix has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

25. One United Bank is liable to Mr. Selix for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant One United Bank for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

26. Plaintiff realleges the above paragraphs as if recited verbatim.

27. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Selix as that term is defined in 15 USC 1681a.

28. Such reports contained information about Mr. Selix that was false, misleading, and inaccurate.

29. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Selix, in violation of 15 USC 1681e(b).

30. After receiving Mr. Selix's consumer dispute to the Errant Trade Line, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

31. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. Selix has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

32. Experian is liable to Mr. Selix by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

33. Plaintiff realleges the above paragraphs as if recited verbatim.

34. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Selix as that term is defined in 15 USC 1681a.

35. Such reports contained information about Mr. Selix that was false, misleading, and inaccurate.

36. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Selix, in violation of 15 USC 1681e(b).

8

37. After receiving Mr. Selix's consumer dispute to the Errant Trade Line, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

38. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. Selix has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

39. Experian is liable to Mr. Selix by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: October 17, 2016

9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KENT LAW OFFICES


By: */s/ Trinette G. Kent*
Trinette G. Kent
Attorneys for Plaintiff,
Michael Selix